Case No. 14-1255 et al., Tiemoko Coulibaly Petitioner v. Merit Systems Protection Board. Mr. Nathan for the amicus curiae, Mr. Morrow for the respondent. Good morning, Your Honors. Aaron Nathan for the court-appointed amicus. Congress enacted Section 2302B8 to protect any disclosure of any violation of any law. This case really comes down to whether any really means any, or whether instead there's an exception in the statute for disclosures that happen to be contained in a filing protected independently by Section 2302B9A2. We think that the statute means what it says. And even the government concedes that our reading of Section 2302B8 wouldn't render Section 2302B9A2 superfluous. That's a Section 4. What do you do about the Board's argument that Congress has had two, Congress has known about the Board's rule on this in the Federal Circuit's agreement with it, has had two opportunities to change it, hasn't done it? So our position is that Congress enacted the statute we're describing in 1989. That's the relevant moment when it changed the statute from reading a disclosure to reading any disclosure. And that the Federal Circuit's cases have been wrong all along. In 1994, Congress considered an amendment to overrule that and didn't pass it. Right. And I think our answer is that's because it didn't need to. We take the government's point that... Well, why would it have considered it? Well, there are simpler ways to... And then, in 2012, it made a number of changes in the, it made several more changes to overrule Board decisions that were limiting whistleblower cases, but it didn't do this one. Well, one thing it did do in 2012 is it enacted a definition of the word disclosure, which now sits at 2302A2D, and that defines the word disclosure to include a formal or informal communication, and also contains an exemption for disclosures that relate to policy decisions that are lawful exercises of discretionary authority, which fills in, I think, nicely one of the gaps between B9A2 and B8 that resolves the question of whether B8, our reading of B8, would render B9A2 superfluous. And, in fact, Congress does know how to enact a narrower whistleblower provision. It's done so several times. There's, I have a few examples here. In Sarbanes-Oxley, the whistleblower provision is confined to disclosures of particular statutes, in fact, particular provisions, particular statutes, and the disclosures have to be made to particular individuals, in that case, a member of Congress or a member of the law enforcement community, in order to qualify for protection. Other times, the disclosures have to be made to an official at a particular bureau, or have to be disclosures of violations of laws that are administered by, for example, the Consumer Financial Protection Bureau in order to gain the protection of the whistleblower provisions in Dodd-Frank. The Aviation Investment Reform Act has a whistleblower provision that protects disclosures only of violations of federal law, but those have to be made to the employer or the federal government in order to qualify for protection. And, in this case, Congress instead enacted, I would think, the broadest imaginable whistleblower protection, except subject to the limitations that are in the statute, that the disclosing employee have a reasonable belief that the disclosure evidence is a violation of law, of any law, and also that the disclosure fit the definition in 2302A2D. The Board says in its brief on appellate jurisdiction that the statute could be read literally to bar the Court's review of a case involving the Board's disposition of alleged whistleblower claims that could also be characterized as other types of prohibited personnel actions, such as EEO retaliation. The statute read literally could bar review of this case. I know both sides agree on appellate jurisdiction, but it does seem that read literally is correct. Read literally, I'm not sure we have appellate jurisdiction. So I respectfully disagree about the literal. We have a different position about the literal. I understand that, too. Right. And I think that this is one case where the admittedly circumelicutous language that 7703B1B uses is helpful. You have jurisdiction wherever a petitioner raises no challenge to a Board disposition other than a challenge to a disposition of whistleblower-related allegations. In this case, coming up on the Board's 1221 jurisdiction, we know exactly what kinds of dispositions the Board made below because 1221, the statute, and their regs at 1209C2 restrict their jurisdiction to whistleblower claims only. The only kinds of dispositions being made below were whistleblower-related dispositions of whistleblower claims. Is your position that we would have jurisdiction whichever way the MSPB answered the question? Yes. Yes. As long as we have jurisdiction over the subject. You have jurisdiction over it, yes. One way to think about it is the subject matter of whistleblower claims. And this might be a different case in a direct adverse action appeal  But in this case, I think everybody who does agree that the only claims that the Board had power to dispose of were whistleblower claims. I should highlight one other thing. That the word jurisdiction, as it applies to what the Board is up to below, could be a little bit misleading. They also use the word frivolous to describe one of their standards. But the standard that the Board is using below is most closely analogous to the 12B6 merit standard. The standard for, for example, what constitutes a frivolous or a non-frivolous allegation is if true, would the allegation establish the matter at issue? That's 12B6. So that is to distinguish this question of board jurisdiction. But if the Board says something is not within one of these categories that we're authorized to decide, and then it comes up here, I guess the merits, correct me if I'm wrong, the merits in our jurisdictional question merge a bit, don't they? Well, not necessarily. You could agree with the Board. We obviously are asking you to disagree with the Board. But you could agree with the Board that the allegations don't state a whistleblower claim and still retain. That wouldn't defeat your jurisdiction. That's as true for you in this case as it is in sort of the Belle v. Hood scenario in federal questions. But what if the Board concludes that one of the claims is not the kind of claim that falls within one of these subsections? As I understand it, that's a merits judgment, the kind that would be made at 12B6 in the district court. That's exactly the kind of question that you were given jurisdiction to answer, whether a particular allegation states a claim for relief under the whistleblower provisions or under other provisions or no provisions of federal law. You don't have jurisdiction only to agree or confirm the Board's judgment that someone has stated a claim for relief under the whistleblower provision. So someone states a claim, says it's a whistleblower claim, the Board says now, for whatever reason, we have jurisdiction. Well, not for what the Board has to say no for a particular reason. The Board could say no, suppose somebody brings a patent claim to the MSPB. In that case, the Board might look at the fact and say, you failed to establish non-frivolous factual allegations that we have whistleblower jurisdiction. And in that case, they might say, because your allegations are factually insufficient. What if that comes up, though? The person disagrees and comes to us, what do we do? Again, it depends how the Board disposes of the claim. Because you could imagine the Board saying that as a matter of law, these facts that you've alleged don't make out a whistleblower claim. That's a conclusion. I mean, you might describe that as a conclusion of patent law. It's also a conclusion of whistleblower law because it delineates the boundary between what is and what isn't within B-8. I think in that hypothetical, I would agree that the Board was correct. That's outside of B-8. But in this case, we have something that's not. to review an appeal or petition that said, no, the Board was wrong on that. That's right. And I'm confining my answer. We would have jurisdiction. You would because that's a disposition of no claim other than a whistleblower claim. You're right. I think that's your position is consistent, which is a good thing. Well, go ahead. I'm sorry. I'm not defending the wisdom of Congress's decision to assign jurisdiction anywhere. But that's what it did. I didn't understand you doing that. So I just want to ask you about the other case, the one against the Board itself. So the Coast Guard judge here dismissed it for failure to allege a personnel action. And you briefed that issue quite thoroughly. That's right. But there was a second independent reason, And that is that his allegation of retaliation was based on pure unsupported speculation. It was frivolous. And I didn't you didn't challenge that in your brief. I would say. As amicus, you are challenging that. That's about right. I think if you look at it, I won't. I think it does come down to how you read what the Board judge was doing or the AMJ amicus was doing. Because if you aren't, then we don't really have to decide the personnel question, do we, to affirm. We can affirm on the independent ground that isn't challenged here. Correct? That's an independent. That would be an independent ground for affirmance. I think at JA 58 and 59, it's a little unclear. I think the Board's analysis of the facts could have been better explained. Right. But it's not. You don't raise it in your brief, and I didn't. You're right that we didn't raise it in our brief. Yes. Did you have any other questions? No. Okay. Mr. Mason, thank you. Don't worry. Good morning. May it please the Court. First, I'd like to say we agree on the jurisdictional analysis of the petitioner. You mean with respect to our jurisdiction? With respect to your jurisdiction, yes. We were saying that one could read the word disposition to mean something more than simply disposing of the underlying matter that we found the whistleblowing to be. But we do agree generally that the case should be looked at in terms of what the person alleged. If they allege they are whistleblowing and we decide whether it's whistleblowing and nothing else, then, of course, this Court would have jurisdiction. Even though our decision was it was outside our jurisdiction because it was another kind of claim. On the point of the Board does actually maintain that the interpretation of the statutes that the petitioner is presenting would render the Section 2302B9 virtually redundant? It would obliterate the division. Yes. The division between whistleblowing and EEO claims. It would make that section completely unnecessary. We said virtually because the basic reason is that any kind of grievance, appeal, or complaint is going to be alleging some kind of violation of law, rule, regulation, or abuse of authority. It's conceivable we say virtually because there could be cases where they were so confused that they weren't alleging anything. In general, that's the rule. With respect to the any means any, this was something that focused on over the years disagreements with Congress, with the Board, and, of course, determination of what a protected disclosure was in terms of its content and who it was made to and so forth. And that was largely dealt with in the WPEA where they specifically overruled various ones of those types of rulings. The matter of the connection of B9 and B8 and how they should be interpreted is a different kind of issue. And the rationale is a fairly strong one, we think. Initially, when the whistleblower appeal was created, it was going to apply to all prohibitive personnel practices. And there was much opposition to this within the government. And the revision of the report on the revision, which limited only to whistleblowing, referred to this. And it was obviously a response to it that they deliberately chose to limit the scope of it to 2302B8 and not to 230B9, the other kind of provision along with B1 that included retaliation claims. Then there were opportunities later, of which there was one time in 1994 when there was an attempt to broaden it, and that was rejected. And in 2012 in the WPEA, they confirmed it, in our view, because they provided under B9 for a channel where there was a complaint on whistleblowing per se. That is now within the board's jurisdiction, but other kinds of complaints are not. On the issue of the judges and whether or not they can take personnel actions, we would suggest that it's fairly clear that adjudication is not personnel management. The judges don't take personnel actions, recommend them, or approve them. They review them and determine whether or not they're lawful. Is there a reason you didn't argue we could simply affirm on the alternative grounds? On that case? Yeah. I mean, the Coast Guard judge found it frivolous. Yeah, he also found it frivolous. Yeah, that's my question. Why didn't you argue we could affirm it on that ground without deciding this legal question? I thought that it was a more basic question, really. You can always dispose of a case as frivolous without reaching jurisdictional questions. That's true, but this seems like a very basic question. There were no cases as frivolous. Yeah, no, but if you have an underlying frivolous claim, we have recently held, or we've held a number of times, that you can dispose of the case as frivolous without reaching the jurisdictional question, even our jurisdiction. Yes, well. You want us to decide this question, right? We want you to decide the question, really. You're being very candid. It's a basic one that our judges. A judgment from a Coast Guard judge doesn't give you enough precedential value in this, right? Our judges perform a comparable function to judicial branch judges. Of course, they're not the same, but they do. They're set up where they preside over adversary hearings. They decide the case on the basis of the law and the facts. They're subject to administrative and judicial review. In our case, the judges work for a neutral agency to make an impartial and not subject to the pressure of parties on either side. While it's literally true, reading the statute, that they do direct agencies to take personnel actions on occasion if it's a compliance case or they have mitigated a penalty to a different one, but the relationship between the judge and the litigant and the management and the employees in an agency are obviously not comparable. The judges would have to be recusing themselves if they had the same kinds of relationships with the litigants that the supervisors and their subordinates normally do. On the appellate jurisdiction, the All-Circuit Review provision runs out soon. I believe it's extended or a proposal to extend it. Well, the House, as I understand, the House has passed an extension, but it's in the Senate, and I don't know what's going to happen. We have 47 days. We'll see. But who's counting? You don't have anything further to add to what's just that it's pending in the Senate? Yeah, I can't tell you any more about that. Do you have any more questions about the proposition in the case? No more questions. Thank you. Thank you very much. Did Mr. Nathan have any time left? Okay, you take one minute. Judge Silberman, not only would our reading of B-8 not obliterate the distinction between B-8 and B-92, it's the only way to make sense of the statute as it was written, and it's also the only way to make sense. Why wouldn't that eliminate the demarcation line that Congress at one point tried, maybe still tries to make, between whistleblowing and EEO? Well, it's not, to be clear, not aligned between whistleblowing disclosures and EEO-related disclosures. B-8 protects disclosures, any disclosure, regardless of the subject matter. B-9 protects the right to file any sort of appeal, grievance, or complaint, regardless of its content. That's really the fundamental distinction, which is another reason why you can imagine, and I think the government has agreed with us, that these are two independent provisions with independent purposes. They also have independent proof requirements. Some people might experience a series of events that should be addressed. So is that why you think the government is wrong in saying that your position would obliterate the difference between B-8 and B-9? Yes. I mean, there are reasons that there are examples of filings that would be protected by B-9 but that wouldn't contain disclosures that would gain the protection of B-8, to say nothing of the fact that in some cases where they could, if the employee could prove the B-8 violation, the employee, for whatever reason, can't, so can only rely on the B-9 violation. Interesting. These provisions also are part of a remedial structure that distinguishes between two classes of employees, which we've referred to at footnote 12 of our opening brief. Only the narrower class of employees has the ability to bring a B-9A2 claim as a challenge in a direct action, a direct appeal of an adverse action. Every employee that meets the general definition of employee in Section 2105 of Title V can bring the B-8 claims through the OSC and IRA process here. And the B-9A1 distinction that Congress enacted in 2012, that's not really relevant to this case. It covers second-order retaliation, in other words, retaliation for seeking relief for whistleblower retaliation, which is, again, part of Congress's effort to channel all whistleblower law into the All-Circuit Review provision and expand it beyond the jurisdiction, the exclusive jurisdiction of the Federal Circuit, which has had these precedents in place for decades now. As for the Federal Circuit precedents, the last thing I'll say about that is that Spruill, the case that's on point here, and then the later case, Sorrell, the error in Spruill, there are two, really. One is Spruill says squarely, if we read B-8 this expansively, it'll render B-9A2 superfluous, what would have then been B-9A2 superfluous. That's wrong for the reasons that I've just explained. The second reason is that the way we should tell whether something is in fact covered by B-8 is by asking ourselves whether the disclosure relates to the kind of waste, fraud, government mismanagement that was once the purpose of the whistleblower protections in the Whistleblower Reform Act but hasn't been since 1989. That one was wrong when it was decided. In Sorrell, the Federal Circuit went even farther. They said that not only are the allegations of discrimination contained in an EEO complaint, not protected disclosures, any other disclosure of any other violation of law isn't protected by B-8 as long as it's contained in an EEO complaint, which is exactly the kind of formal communication that the definition of disclosure means that B-8 covers. If the Court has no further questions, thank you. Thank you. The case is submitted.
judges: Tatel, Kavanaugh, Silberman